[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#102)
Defendant General Wire Spring/General Pipe Cleaners (General Wire) has moved to strike the second count of the complaint on the ground plaintiff Todd Goldberg has failed to allege sufficient facts to support a cause of action for reckless misconduct. For the reasons stated below, the motion is granted.
The plaintiff has brought suit to recover compensation for injuries that he allegedly sustained while operating a power drain cleaner that had been sold or manufactured by General Wire and defendant County Supply, Inc. The plaintiff bases his claims on the Connecticut Product Liability Act, General Statutes § 52-572m, et. seq. In the first count of the complaint, the plaintiff alleges General Wire acted negligently. In the second count, the plaintiff alleges General Wire acted with reckless disregard for the safety of users of the product.[1] He lists seven ways in which General Wire recklessly disregarded the safety of users of the product. These seven allegations of reckless misconduct are the same as the allegations of negligent conduct which appear in the first count.
General Wire argues the plaintiff has failed to allege facts to support a claim for reckless misconduct. The second count is based on General Statutes § 52-240b, which provides that "[p]unitive damages may be awarded if the claimant proves that the harm suffered was the result of the product seller's reckless disregard for the safety of product users. . . ." The issue to be resolved is whether the plaintiff's allegations of negligence also support a claim for reckless misconduct.
"Recklessness is a state of consciousness with reference to the consequences of one's act. . . . It is more than negligence, more than gross negligence. The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a CT Page 5732 reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. . . . Wanton misconduct is reckless misconduct. . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action. Wilful misconduct has been defined as intentional conduct designed to injure for which there is no just cause or excuse. . . . Its characteristic element is the design to injure either actually entertained or to be implied from the conduct and circumstances. . . . Not only the action producing the injury but the resulting injury must also be intentional. (Citations omitted; internal quotation marks omitted.) Dubay v. Irish, 207 Conn. 518, 532-33, 542 A.2d 711
(1988).
The plaintiff has not alleged facts from which one can infer General Wire or its agents acted with a reckless state of mind. "Although the motion to strike admits all facts well pleaded, it, does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Quimby v. Kimberly Clark Corp.,28 Conn. App. 660, 664, 613 A.2d 838 (1992). The mere use of the word "reckless" is insufficient to raise an actionable claim of reckless misconduct. Sheiman v. Lafayette Bank Trust Co., 4 Conn. App. 39,46, 492 A.2d 219 (1985). The plaintiff has not supported his claim of reckless misconduct with allegations showing that General Wire knew or should have known of the dangerous defect, as well as the resulting risk, and did not disclose such knowledge to the plaintiff or to the general public. Nieves v. U-Haul, et. al., Superior Court Docket No. CV 93-0531928 (Mulcahy, J., April 28, 1994). The plaintiff has failed to allege a cause of action for reckless misconduct.
The motion to strike the second count is granted.
THIM, JUDGE